IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES EARL BREWSTER, #664663, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0195-B |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening. On February 6, 2007, the Magistrate Judge issued a questionnaire to Petitioner, who filed his answers thereto on March 7, 2007.

Statement of the Case: In this action, Petitioner challenges the denial of his motion for DNA testing with respect to his 1980 conviction for sexual abuse of a child in Criminal District Court No. 2 of Dallas County, Texas, in Cause No. F79-09122-I, for which he was sentenced to eleven years imprisonment. (Petition (Pet.) at 2 and 7-8). The court of appeals affirmed the

denial of Petitioner's motion for DNA testing in *Brewster v. State*, No. 05-04-01195-CR (Tex. App. -- Dallas, Apr. 18, 2006, pet. ref.). *See* http://www.courtstuff.com/FILES/05/04/05041195.HTM (for docket sheet information).

This Court previously dismissed a habeas corpus petition challenging No. F79-09122-I for want of jurisdiction because Petitioner, having fully served his eleven-year sentence in No. F79-09122-I, can no longer satisfy the "in custody" requirement. *See Brewster v. Director*, No. 3:04-CV-1468-K (N.D. Tex. Sep. 11, 2006), *affirmed* No. 06-11083 (5th Cir. May 7, 2007) (noting that Petitioner could not make the required showing that he was in custody because his 1980 conviction was used to enhance his present life sentence for murder).[1]

Findings and Conclusions:  The present petition is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Presently Petitioner is not incarcerated on the basis of his 1980 conviction for sexual abuse of a child in cause number F79-09122-I. He concedes as much in answer to the Magistrate

---

[1] The "Offender Information Detail" maintained by TDCJ reflects Petitioner is presently serving a fifteen-year sentence for indecency with a child in cause number F93-67778-VH, and life sentence for murder with a deadly weapon in F94-00010-H. *See* http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=00904345.

Judge's questionnaire. (*See* Answer to Question 1). The fact that the state court recently affirmed the denial of his motion for DNA testing does not alter the fact that he is no longer in custody on his 1980 conviction. Because Petitioner cannot satisfy the "in custody" requirement with respect to cause number F79-09122-I, the District Court should dismiss the current petition for want of jurisdiction. *See Maleng v. Cook,* 490 U.S. 488, 492 (1989).[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be DISMISSED summarily for want of jurisdiction because Petitioner cannot satisfy the in custody requirement, and that Petitioner's second motion for leave to proceed *in forma pauperis* and for appointment of counsel be DENIED as moot.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 11th day of June, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and

---

[2] Assuming *arguendo* that Petitioner could satisfy the *in custody* requirement because his 1980 conviction was used to enhance his 1994 murder conviction, he is barred from collaterally attacking his murder conviction. *See In re James Earl Brewster*, No. 06-11076 (5th Cir. Dec. 5, 2006) (denying motion for authorization to file a successive 28 U.S.C. § 2254 application challenging the life sentence he received for murder).

3

conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.